IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMENIC TRICOME** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO.  12-5872** |

**NORMA L. SHAPIRO, J.**                                                                                                 **JULY 12, 2013**

Before the court is defendant the United States of America's motion to dismiss the complaint of plaintiff Dominic Tricome ("Tricome") under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). For the reasons stated below, the motion to dismiss will be granted without leave to amend.

**I. BACKGROUND**

On October 19, 2012, Tricome filed this civil action against Robert Mueller ("Mueller") in his official capacity as head of the Federal Bureau of Investigation ("FBI").[1] Tricome alleges that on December 14, 2011, two FBI agents came to his residence to question him about a civil action he had pending before the Honorable Stewart Dalzell in this District. *Tricome v. United States*, No. 11-2416. On November 18, 2011, Judge Dalzell granted defendants' motion to dismiss Tricome's complaint under Federal Rule of Civil Procedure 12(b)(1). Tricome appealed to the Third Circuit Court of Appeals. The Court of Appeals affirmed Judge Dalzell's order. *Tricome v. United States*, No. 11-4570.

In his complaint to this court, Tricome asserts: "The FBI assumed that what Judge Dalzell stated was right, which is a violation of due process." Tricome also alleges the FBI kept a public file on him, but would not send him a copy or allow him to edit the file. As relief, Tricome requests "to see the FBI file" so he can "add [his] opinion to their opinion," and $25,000 in damages for emotional distress.

---

[1] Tricome initially failed to make service of his complaint. On February 6, 2013, he filed a "praecipe to request alias summons" on the ground that he had been ill and unable to receive his mail. The court issued the summons on February 7, 2013. Service was made on February 9, 2013 by first class mail on the United States Attorney's Office.

Mueller and the United States government moved to substitute the United States of America ("United States") as the proper defendant. By Order of March 18, 2013, the court granted the motion to substitute the United States as defendant, because the United States is the only defendant against which the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, creates a cause of action. *See Mills v. U.S. Dep't of Health & Human Servs. et al.*, 2008 WL 5189140, at *1 (E.D. Pa. Dec. 9, 2008). The court also granted the United States leave to respond to Tricome's complaint on or before May 10, 2013.

On May 10, 2013, the United States moved to dismiss Tricome's complaint. Tricome filed a response in opposition. After the court granted leave to reply, the United States filed a reply in support of its motion to dismiss.

## II. DISCUSSION

The United States argues Tricome's complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the United States has not waived sovereign immunity for discretionary conduct, or under Rule 12(b)(6) because Tricome fails to state a claim upon which relief can be granted. Tricome responds that: (1) the United States has waived sovereign immunity in this case; and (2) he has stated a claim for relief under the Fourteenth Amendment of the United States Constitution.

### *A. The Court Lacks Subject Matter Jurisdiction Over This Action*

Under Rule 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. The plaintiff bears the burden of establishing jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Tricome is proceeding *pro se*, so the court must construe his complaint liberally. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Tricome seeks damages from the head of a federal agency for infliction of emotional distress; the court interprets this as a tort claim for intentional infliction of emotional distress, which may only be brought under the

FTCA.[2]

"It is well settled that the United States enjoys sovereign immunity from suits and, accordingly, may be sued only if it has waived that immunity." *Beneficial Consumer Disc. Co. v. Polotnowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995). The FTCA waives sovereign immunity as to claims against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of a government employee acting within the scope of his employment, subject to certain exceptions. 28 U.S.C. § 1346(b)(1). A claim falling within such an exception must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Lozada v. United States*, 2008 WL 2152051 (E.D. Pa. May 21, 2008).

Under the discretionary function exception to the FTCA, the United States has not waived sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984).

A district court considering whether the discretionary function exception applies to a given action must determine whether: (1) the action taken involves choice or judgment by the acting government employee; and (2) the choice is "of a kind that the discretionary function exception was designed to shield." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "[I]t is the nature of the conduct, rather than the status of the actor that governs whether the exception applies." *United States v. Gaubert*, 499 U.S. 315, 323 (1991).

---

[2] In his response in opposition to the motion to dismiss, Tricome acknowledges that "the relevant statute is . . . the Federal Tort Claims Act." Pl.'s Resp. at 5.

Tricome alleges he suffered emotional distress when two FBI agents came to his home to question him about his civil action before Judge Dalzell. The decision by the FBI agents to question Tricome undoubtedly involved an element of choice or judgment; there is no statute, regulation or policy requiring FBI agents to conduct investigations in a particular manner. Moreover, decisions concerning federal investigations are "precisely the type of judgments that the discretionary function exception intends to capture." *Lozada*, 2008 WL 2152051, at *4. Tricome's action falls within the discretionary function exception; the United States has not waived sovereign immunity.

The court lacks subject matter jurisdiction over Tricome's claims. The United States' motion to dismiss Tricome's complaint will be granted.[3]

### B. Amending the Complaint Would Be Futile

In his response in opposition to the motion to dismiss, Tricome states his intention to amend his complaint. A plaintiff may amend his complaint once as a matter of course within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). For additional amendments, the plaintiff must receive the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court grants leave to amend freely "when justice so requires." *Id*. However, leave to amend may be denied if amendment would be futile. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir.1993). Futility means that the amended complaint would fail to state a claim upon which relief can be granted. In reviewing for futility, the district court applies the same standard of legal sufficiency applying to a Rule 12(b)(6) motion. *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir. 1997).

The United States filed its motion to dismiss on May 10, 2013. More than 21 days have passed,

---

[3] Since the court lacks subject matter jurisdiction over this action, it is unnecessary to decide whether Tricome has stated a claim upon which relief can be granted. However, the court notes that the FBI report may be available to Tricome under the Freedom of Information Act, and there is no statute or regulation permitting the subject of a federal investigation to add his version of the facts to a government report.

so Tricome would need the government's written consent or the court's leave to file an amended complaint. However, the court would not grant leave here because amendment would be futile.

Tricome asserts he would amend his complaint to: (1) incorporate the facts of his previous action before Judge Dalzell; (2) state a claim against Mueller in his official capacity and as an individual; and (3) state a claim under the Due Process Clause of the Fourteenth Amendment. The court could not grant relief based on any of these claims.

First, Tricome has already litigated his previous action, No. 11-2416, before Judge Dalzell in this District and on appeal to the Third Circuit Court of Appeals. Those courts' final judgments against Tricome are *res judicata* and could be altered only by the United States Supreme Court upon a timely petition for certiorari. Second, Mueller has already been dismissed from this action because he was not the proper defendant under the FTCA. As the court has informed Tricome, the United States is the only defendant against whom the FTCA creates a cause of action. *See Mills*, 2008 WL 5189140, at *1. Third, Tricome has not given the court reason to believe he can state any constitutional claims; his claims sound in tort. Moreover, Tricome could sue only state actors, not federal employees, under the Fourteenth Amendment. U.S. Const. Amend. XIV, § 1.

Since amendment of the complaint would be futile, the court will grant the government's motion to dismiss without leave to amend.

## III. CONCLUSION

Defendant's motion to dismiss Tricome's complaint will be granted without leave to amend. An appropriate order follows.