IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DOMENIC TRICOME | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 12-5872 |

NORMA L. SHAPIRO, J.                                                                 JULY 24, 2013

## MEMORANDUM

By Memorandum and Order of July 12, 2013, the court granted the United States of America's motion to dismiss the complaint of plaintiff Domenic Tricome without leave to amend. *Tricome v. United States*, 2013 WL 3488940 (E.D. Pa. July 12, 2013). Tricome has filed a *pro se* "Motion for Fraud on the Court" in response to the court's decision.[1]

The court must determine the nature of Tricome's motion. *Cf. Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972) (courts are to construe *pro se* pleadings liberally). Tricome lists various "mistakes" made by the court. He claims: "Presiding Judge Norma Shapiro either made too many mistakes, or she committed multiple frauds." Mot. at 3. These allegations suggest fraud by, rather than on, the court. The court is not of the view that it made mistakes or committed fraud with regard to this action. Tricome may raise these allegations on appeal to the United States Court of Appeals for the Third Circuit within 30 days. *See* 28 U.S.C. § 2107.

In the last paragraph of his motion, Tricome alleges counsel for the United States of America made false statements in briefing the motion to dismiss and knew these statements were false. This allegation could be characterized as fraud on the court. If the court were of the view that a fraud on the

---

[1] Tricome filed this motion on the electronic docket on July 14, 2013 and again on July 17, 2013. The second filing is identical to the first, except Tricome appended a letter addressed to the defense attorneys and this Judge, stating: "You are notified that you have six months to reply about your illegal acts notated in U.S. District Court for the Eastern District of Pennsylvania Docket No. 2:12-cv-05872-NS (Tricome v. United States) July 14, 2013 Motion for Fraud on the Court."

court occurred, it would take appropriate action. However, the facts alleged here do not substantiate an allegation of fraud on the court.[2]

Tricome's motion is properly deemed a motion for reconsideration. Motions for reconsideration serve to correct manifest errors of law or fact or present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should "address[] only factual and legal matters that the court may have overlooked." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Tricome has not demonstrated any of the applicable grounds for reconsideration. His motion for reconsideration will be denied. An appropriate order follows.

---

[2] Fraud on the court involves: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. A determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal and convincing evidence." *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005).